UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES HENRY MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-CV-0439-CVE-SAJ |
| ) | |
| ED L. EVANS, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2003-36. Respondent filed a response to the petition (Dkt. # 11), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. # 13). Petitioner filed a reply (Dkt. # 16). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

In the early morning hours of January 2, 2003, Tulsa Police officers Glenn Emery and Dean Montgomery were dispatched to a commercial building located near the intersection of Pine and Lewis in Tulsa, Oklahoma, because an alarm had been tripped at that building. Upon arrival, the officers first observed that a padlock on the rear entry gate had been cut and a roll-up overhead garage door on the rear of the building was partially open. The police officers then observed Petitioner and his co-defendant Dovell Buster Battle coming out of the building through the partially open garage door. The officers instructed Mr. Martin and Mr. Battle to stop, but they both attempted to flee. A short chase ensued before both men were apprehended.

As a result of those events, Petitioner was charged in Tulsa County District Court Case No. CF-2003-36 with Second Degree Burglary, after former conviction of two or more felonies (Count I), and Obstructing an Officer, a misdemeanor (Count II). Petitioner was tried jointly with his co-defendant, Dovell Buster Battle. He was convicted by a jury and sentenced to thirty (30) years imprisonment on Count I and one (1) year on Count II, to be served concurrently. He was represented at trial by attorney Julia Allen, from the Tulsa County Public Defender's Office.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, Petitioner raised four (4) propositions of error on direct appeal, as follows:

Proposition I: The jury was advised of the nature and length of sentences imposed for each of Appellant Martin's prior convictions, thereby prejudicing the jury's sentencing decision and permitting the jury to speculate as to parole eligibility.

Proposition II: Juror misconduct requires remand for evidentiary hearing.

Proposition III: The evidence was insufficient to convict on second degree burglary.

Proposition IV: Trial counsel's ineffective assistance deprived Appellant Martin of his Sixth Amendment right.

See Dkt. # 13, Ex. 1. In an unpublished summary opinion, filed June 29, 2004, in Case No. F-2003-602, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 13, Ex. 4). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. He did not seek post-conviction relief in the state courts.

Petitioner now seeks federal habeas corpus relief. In his petition filed on August 2, 2005, Petitioner raises the same four (4) grounds of error raised on direct appeal:

>   Ground 1:   The jury was advised of the nature and length of sentences imposed for each of Petitioner's prior convictions, thereby prejudicing the jury's sentencing decision and permitting the jury to speculate as to parole eligibility.
>
>   Ground 2:   Juror misconduct requires remand for evidentiary hearing.
>
>   Ground 3:   The evidence was insufficient to [support the] conviction [for] second degree burglary.
>
>   Ground 4:   Trial counsel's ineffective assistance deprived Petitioner of his Sixth Amendment right.

See Dkt. # 1. In response to the Petition, Respondent asserts that Petitioner's claims are either not cognizable in this proceeding, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 11.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case as to all claims except a portion of ground one. However, rather than require Petitioner to return to state court to exhaust the portion of the ground one claim not presented to the state courts, the Court finds that, for the reasons discussed below, habeas corpus relief on the unexhausted portion of the claim should be denied. 28 U.S.C. § 2254(b)(2).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.   Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, Petitioner presented part of ground one, grounds two, three, and four on direct appeal where they were adjudicated by the OCCA. Therefore, insofar as those claims are cognizable on habeas corpus review, the § 2254(d) standard applies to this Court's analysis.

### *1. Refusal to order redaction (ground 1)*

In his first ground for relief, Petitioner claims that the trial court erred in refusing to order that the length of his sentences be redacted from photocopies of prior judgments and sentences before being presented to the jury. The claim was rejected by the OCCA on direct appeal. Relying entirely on state law, the OCCA found:

> As to Appellant's first proposition, we find that the trial court did not err in refusing to redact from his prior Judgments and Sentences the nature of the crimes of which he had been convicted. *Cooper v. State*, 810 P.2d 1303, 1306 (Okl. Cr. 1991). The court did, however, err in refusing to redact the length of the sentences

4

>   imposed as such improperly placed information regarding pardon and parole before the jury. *Cooper v. State*, 806 P.2d 1136, 1139 (Okl. Cr. 1991). However, this error does not require relief as it was harmless beyond a reasonable doubt in light of the fact that despite the strong evidence of Appellant's guilt and his four[1] prior convictions the jury sentenced him to far less that the maximum possible sentence of life imprisonment.

See Dkt. # 13, Ex. 4 at 2. Both of the Cooper cases cited in the OCCA's ruling concern Oklahoma's requirements for proving former convictions and when that information may be considered by a jury.

Respondent asserts that the claim presented in Petitioner's ground one is not cognizable on habeas corpus review because it involves a matter of state law. The Court agrees with Respondent that Petitioner's challenge to the evidentiary ruling that certain information did not need to be redacted from prior judgments before being presented to the jury concerns a matter of state law. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. Accordingly, Petitioner's ground one claim challenging the trial court's evidentiary ruling is not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

Petitioner contends, however, that the evidentiary ruling is grounded in due process principles because it rendered his trial fundamentally unfair (Dkt. # 16 at 2). A careful reading of Petitioner's brief on direct appeal, however, reveals that no federal constitutional issues on this claim were presented to the OCCA for consideration. See Dkt. # 13, Ex. 1 at 9-13. Thus, Petitioner's

---

[1]   The record reflects that the jury was provided evidence of eight (8) prior convictions for Petitioner, rather than four as stated by the OCCA. See Dkt. # 13, Ex. 5.

federal due process argument is unexhausted. Although the Court could require Petitioner to return to state court to raise the due process issue in a post-conviction application, the Court finds the claim should be denied because the constitutional issue is without merit. See 28 U.S.C. § 2254(b)(2).

Habeas relief is not available for a challenge to state court evidentiary rulings unless the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002). Petitioner presents no evidence that the admission of the un-redacted documents rendered his trial fundamentally unfair. Petitioner was sentenced to far below the maximum sentence allowed under state law in spite of the un-redacted information given to the jury. Petitioner's due process claim lacks merit and shall be denied, notwithstanding his failure to exhaust. 28 U.S.C. § 2254(b)(2).

### 2. Juror misconduct (ground 2)

Petitioner claims in his second ground for relief that he is entitled to an evidentiary hearing due to juror misconduct (Dkt. # 1 at 6). Because Petitioner provides no factual basis for his claim of juror misconduct, it was necessary for the Court to ascertain the details supporting this claim from Petitioner's direct appeal brief. More specifically, Petitioner believes that Juror Harrison's misconduct in telling a gardener outside the courthouse that the case was "cut and dry" was sufficiently prejudicial to justify a mistrial. See Dkt. # 13, Ex. 1 at 14-16. The OCCA rejected this claim and Petitioner's request for an evidentiary hearing, finding as follows:

> Regarding Appellant's second proposition, we decline to remand this case for an evidentiary hearing as such is not supported by the record or by attachments demonstrating its necessity. The trial court's questioning of the jury was sufficient to dispel any questions of prejudice.

See Dkt. # 13, Ex. 4 at 2-3. Respondent asserts that the OCCA's decision was not contrary to or an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination

6

of the facts in light of the evidence presented in the state court proceeding (Dkt. # 11 at 6-10). The Court agrees.

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). In a habeas corpus case challenging juror misconduct, this Court may grant relief only where the alleged misconduct "had substantial and injurious effect or influence in determining the jury's verdict." Vigil v. Zavaras, 298 F.3d 935, 940 (10th Cir. 2002) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). Although Juror Harrison discussed the case with a third party in contravention of the trial judge's instruction, prejudice is not presumed. Vigil, 298 F.3d at 940 n.6. Whether Juror Harrison's misconduct prejudiced Petitioner is a mixed question of law and fact. Vigil, 298 F.3d at 941.

In this case, upon learning of Juror Harrison's alleged misconduct, the trial judge immediately held a hearing outside the presence of the other jurors. See Dkt. # 13, Ex. 8 at 182. Juror Harrison admitted to the trial judge that a gardener outside the courthouse had asked him how his jury service was going, and he responded that it was an interesting experience. Id. at 183. Although the gardener inquired further, Juror Harrison told him that he was not allowed to talk about it. Id. He indicated that his comment that the case was "cut and dry" was just made in passing, and he apologized to the court. Id. at 183-84. The conversation between Juror Harrison and the gardener

7

occurred after the jury had found Petitioner guilty, but before the penalty phase of the trial had begun. Id. at 180. The judge admonished Juror Harrison for violating his order, and asked him if he felt that he could continue to be fair to both sides despite the statement that the case was cut and dried. Id. at 184. Juror Harrison responded that he felt he could be open-minded. Further, when he used the terms "cut and dried" he meant that he understood the facts and how they were presented. Id. The trial judge concluded that, based on his interview of Juror Harrison and observing his demeanor in the courtroom, the judge believed that the "innocent" violation of his court order "does not affect materially the due process to which these defendants are entitled." Id. at 204. As indicated above, the OCCA found that the "trial court's questioning of the juror was sufficient to dispel any questions of prejudice." See Dkt. # 13, Ex. 4 at 3. This Court owes deference to the state court's factual findings and Petitioner has failed to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Further, Petitioner has not demonstrated how Juror Harrison's misconduct had substantial and injurious effect or influence in determining the jury's verdict. Vigil, 298 F.3d at 940; Brecht, 507 U.S. at 637. Petitioner has not met his burden to show how the OCCA's decision was contrary to or an unreasonable application of Supreme Court law, nor an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Habeas relief shall be denied on Petitioner's ground two claim.

### *3. Insufficient evidence to support burglary conviction (ground 3)*

In his third ground for relief, Petitioner argues that the state did not present sufficient evidence to establish Petitioner's guilt of second degree burglary beyond a reasonable doubt. Specifically, he contends that the state's evidence did not establish the elements of "breaking and entering with the intent to steal." Citing Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App.

8

1985), the OCCA rejected Petitioner's claim of insufficient evidence on direct appeal. See Dkt. # 13, Ex. 4 at 3. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 11 at 6).

Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. The elements of second degree burglary in Oklahoma are: (1) breaking; (2) entering; (3) a building; (4) in which property is kept; (5) with the intent to steal or commit any felony. See Okla. Stat. tit. 21, §1435. Petitioner argues that neither he nor his

9

co-defendant was found in possession of any tools or property, and they had authorization to be on the premises. See Dkt. # 13, Ex.1 at 17. He also claims that the state's case was unsupported because they did not produce any fingerprints or other direct evidence. The absence of this type of evidence, however, does not necessarily lead to the conclusion that the state failed to prove its case beyond a reasonable doubt.

Evidence was presented at trial that Petitioner and his co-defendant were seen exiting a broken roll-up type overhead door in a commercial building shortly after midnight. See Dkt. # 13, Ex. 8 at 50. After being called to the scene when an alarm was triggered, the police observed the two men exiting the building. Id. at 44. The building was in an area enclosed by a padlocked gate, but the police found that the padlock had been cut. Id. at 46. Petitioner was apprehended as he attempted to flee the scene. Id. at 53-55. Based on that evidence, there is little room for debate that the prosecution presented sufficient evidence to satisfy the elements of "breaking and entering." The state's evidence of Petitioner's "intent to steal" focused partially on the fact that Petitioner had gained entry to the building by cutting the lock on the outside gate and forcing the roll-up overhead door open to gain access to the building. Further, the owner of the business on the property, David Crow, testified that some computers and smaller hand equipment (a welder and an air compressor) had been moved from their normal storage locations in the building and placed near the overhead door. Id. at 30. This evidence, and any reasonable inferences that might be drawn from it, was sufficient to convince a rational juror beyond a reasonable doubt that Petitioner had the requisite intent to steal. Based on Oklahoma law and the cited evidence, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of second degree burglary.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), nor was it an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas relief on this claim.

### *4. Ineffective assistance of trial counsel (ground 4)*

In ground four, Petitioner contends that his counsel was ineffective for failing to recognize and act upon an alleged Bruton[2] violation.[3] The OCCA rejected this claim, finding that the record did not show "that counsel's alleged deficient performance prejudiced his right to a fair trial with a reliable result." See Dkt. # 13, Ex. 4 at 3.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claim was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a

---

[2]  Bruton v. United States, 391 U.S. 123 (1968).

[3]  Once again, Petitioner fails to provide any factual background to support this claim. His conclusory statement in the petition that his trial counsel's ineffectiveness deprived him of his Sixth Amendment right is not supported by any factual allegations. The Court determined that he is referring to an alleged Bruton related claim by reviewing Petitioner's direct appeal brief. Although Petitioner's reply brief confirms he is challenging trial counsel's failure to raise a Bruton objection, he neglects to explain how the attorney's failure constituted deficient performance or how it prejudiced him. See Dkt. # 16 at 5.

11

reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

During Petitioner's trial, David Crow, the owner of the business broken into by Petitioner, testified as a witness for the State that he heard co-defendant Battle say, "I know it doesn't mean anything, but I'm sorry." See Dkt. # 13, Ex. 8 at 31. Although defense counsel objected to the admission of this statement, the trial court overruled the objection. Id.

On direct appeal, the OCCA, citing Strickland, rejected the ineffective assistance of counsel claim without a detailed explanation of its reasoning other than to state that any alleged deficient performance did not prejudice Petitioner's right to a fair trial. See Dkt. # 13, Ex. 4 at 3. The Court finds that the OCCA applied the correct standard under federal law. In addition, the Court agrees that under the prejudice prong of Strickland, defense counsel's failure to object to Mr. Crow's

testimony on Bruton grounds did not result in prejudice to Petitioner. Petitioner has provided no argument to support a conclusion that a Bruton objection would have resulted in a new trial or changed the outcome of the proceedings. Respondent contends that the OCCA's decision was in harmony with Strickland because there was no Bruton problem. Thus, trial counsel did not provide ineffective assistance for failing to object on Bruton grounds.

The Sixth Amendment to the Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause in the Sixth Amendment is extended to the States by the Fourteenth Amendment, and guarantees the right of a criminal defendant to be confronted with the witnesses against him. Richardson v. Marsh, 481 U.S. 200, 206 (1987). Thus, in Petitioner's state court trial the Confrontation Clause prohibits the admission of testimonial hearsay unless the declarant was unavailable and there was a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 68 (2004). It is well established that the right of confrontation includes the right to cross-examine witnesses. See Pointer v. Texas, 380 U.S. 400, 404, 406-07 (1965).  That right of an accused to cross-examine witnesses against him or her is a major reason underlying the Confrontation Clause.  Id.

Underlying Petitioner's ineffective assistance of counsel claim is David Crow's testimony regarding co-defendant Battle's statement that he "was sorry." See Dkt. # 16 at 5. Petitioner argues that the presentation of this testimony was a violation of Bruton v. United States, 391 U.S. 123 (1968), and that his attorney's failure to object on Bruton grounds was constitutionally ineffective. In Bruton, two defendants were accused of participating in the same crime and tried jointly before the same jury. One of the defendants had confessed, naming and incriminating the other defendant

in his confession. The trial judge issued a limiting instruction to the jury telling them to consider the confession as evidence only against the co-defendant who had confessed. Bruton held that the Constitution forbids the use of such a confession in a joint trial, despite the limiting instruction issued by the judge. The Supreme Court concluded that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying co-defendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant. Richardson v. Marsh, 481 U.S. 200, 201-02 (1987) (citing Bruton). Two important factors differentiate Petitioner's situation from the Bruton scenario. First, Petitioner's co-defendant did not confess. He was merely overheard saying he "was sorry." Second, he made no reference to Petitioner, either directly or indirectly in his reported apology. This Court finds that Petitioner's counsel was not ineffective for failing to challenge David Crow's testimony on Bruton grounds. Petitioner has not met his burden to show that OCCA's denial of relief on the ineffective assistance of counsel claim was an unreasonable application of Supreme Court law. He is not entitled to relief on his claim of ineffective assistance of counsel.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered.

**DATED** this 25th day of July, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT